UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

NewMech Companies, Inc.,                                               Civil No. 04-4484 (DWF/SRN)

           Plaintiff,

v.                                                      **ORDER AND MEMORANDUM**

Transportation Insurance Company,
an Illinois corporation, and
Continental Casualty Company, an
Illinois corporation,

           Defendants.

---

Gerald S. Duffy, Esq., and M. Gregory Simpson, Esq., Siegel Brill Greupner Duffy & Foster, PA, counsel for Plaintiff.

Matthew R. Wildermuth, Esq., Meckler Bulger & Tilson, LLP; and Stacy A. Broman, Esq., Meagher & Geer, PLLP, counsel for Defendants.

---

      This matter is before the Court upon Plaintiff NewMech Companies, Inc.'s, appeal of Magistrate Judge Susan Richard Nelson's order from the bench on July 24, 2006, granting Defendants Motion for Leave to File Instanter Answers and Affirmative Defenses to Plaintiff's Amended Complaint. Defendants Transportation Insurance Company, an Illinois corporation, and Continental Casualty Company, an Illinois corporation, oppose Plaintiff's appeal. The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D.

Minn. 1999). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The Court denies Plaintiff's appeal and affirms Magistrate Judge Nelson's order of July 24, 2006, in all respects.

The Court finds that Magistrate Judge Nelson's order is neither clearly erroneous nor contrary to law.

Accordingly, **IT IS HEREBY ORDERED** THAT:

1. Magistrate Judge Susan Richard Nelson's order of July 24, 2006 (Doc. No. 89) is **AFFIRMED.**

Dated: September 12, 2006          <u>s/Donovan W. Frank</u>
                                   DONOVAN W. FRANK
                                   Judge of United States District Court

## MEMORANDUM

If this case illustrates anything, it illustrates that one size does not fit all. Magistrate Judge Nelson found herself, notwithstanding her considerable experience in such situations, with a difficult set of circumstances in front of her: how to give meaning to a scheduling order and yet secure a fair result for all parties concerned under highly unusual circumstances.

Magistrate Judge Nelson endeavored to strike a fair balance, however delicate that balance may have been to strike, and, in the Court's view, did precisely that by the way in which she handled the matter. In fact, even utilizing the *de novo* standard, the Court's decision here would be the same.

There are other remedies that remain for this Court as the case progresses that are not discussed by either party. In addition to the Defendants being required to pay for additional discovery that the Plaintiff is subjected to by reason of the Court's ruling, this Court clearly has the inherent authority to award attorney fees and costs if it determines at the time of trial or resolution of the matter that the overall conduct of the Defendants was unreasonable when viewed in the context of the entire case, including its procedural history. Also, a trial court always has available to it the striking of defenses, exclusion of evidence, and other appropriate remedies to secure a fair result, based upon close scrutiny of the procedural history of the file and the conduct of the parties as to whether it was objectively reasonable under the totality of the circumstances before the Court.

Those are more than idle gestures by a trial judge. Admittedly, the procedural history of this case is anything but a textbook example of how cases are supposed to be handled by clients and lawyers. However, the Court has carefully reviewed Magistrate Judge Nelson's decision in the context of applicable case law and those rules of civil procedure cited by the Plaintiff, including Rule 1, which states exactly what Plaintiff suggests it states: namely, that the rules of civil procedure shall be construed and carried out to secure the just, speedy, and inexpensive determination of every action. The Court

believes that is precisely what Magistrate Judge Nelson did. With the potential remedies that remain available to both parties, this Court concludes that Magistrate Judge Nelson did strike a fair balance, given the record before her and that she did construe the rules to secure a fair and just determination under very difficult circumstances.

For these reasons, the Court has denied the appeal and objections of the Plaintiff and affirmed Magistrate Judge Nelson's decision made from the bench on July 24, 2006.

D.W.F.